UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-22989-CIV-HUCK/WHITE

Deborah Ozela Roberts,

                Plaintiff,

v.

Metro Dade Transit Authority,
*Director, Div Risk Managment*

                Defendant.
_____/



CLOSED CIVIL CASE

## ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND FINAL ORDER OF DISMISSAL

THIS MATTER is before the Court upon the Complaint filed *pro se* by Plaintiff on October 27, 2008. Plaintiff has moved to proceed *in forma pauperis* (D.E. #2).

When a plaintiff brings an action and moves to proceed *in forma pauperis*, the relevant statute regulating *in forma pauperis* filings states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). With respect to failing to state a claim on which relief may be granted, the language of section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), accordingly courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir. 1993).

The Court has carefully reviewed Plaintiff's complaint, however, even under a most liberal construction, the Court is unable to discern what claims or bases for relief the Plaintiff is asserting. Plaintiff makes reference to a collision, an aggravated battery, discrimination, and lists several apparent Florida statutes concerning motor vehicles and shipping vessels. She names several entities as well, including Metro Dade Transit, Metro Dade Police Department, D.M.V.,

D.O.T., and the Highway Patrol. However, Plaintiff's complaint is only a morass of these legal terms and entity names, without giving any notice as to what entities may have violated what laws. Given the difficulty in deciphering the complaint provided by Plaintiff, the Court finds that Plaintiff's allegations do not comply with the pleading requirements of the Federal Rules of Civil Procedure. The averments do not plainly state the grounds for or show that the Plaintiff is entitled to any relief. *See* Fed. R. Civ. P. 8.

Further, district courts are courts of limited jurisdiction. *Univ. of S. Alabama v. Amer. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). They are empowered only to hear those cases within the judicial power of the United States as defined by Article III of the United States Constitution, and for which there has been a congressional grant of jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *Amer. Tobacco*, 168 F.3d at 409. District courts have an obligation to evaluate *sua sponte* whether they have subject matter jurisdiction over a cause of action. Here, Plaintiff, does not plead the basis for this Court's jurisdiction. It appears that Plaintiff is a Florida citizen, as she provided a Florida mailing address in her complaint. Additionally, the various entities listed in her complaint all appear to be Florida citizens as well. Accordingly, diversity jurisdiction under 28 U.S.C. § 1332 is lacking. As for federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff has pled no basis for the Court's jurisdiction pursuant to any federal claim. Moreover, even construing Plaintiff's *pro se* complaint liberally, no construction of the facts she has alleged demonstrate the existence of federal jurisdiction.

Given that Plaintiff has failed to plead a complaint as required by Rule 8 of the Federal Rules of Civil Procedure, and finding that this Court lacks jurisdiction over this action, it is hereby

ORDERED AND ADJUDGED that

(1) Plaintiff's Application to Proceed Without Prepayment of Fees (D.E. #2) is DENIED.

(2) Plaintiff's Complaint (D.E. #1) is DISMISSED for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is instructed to CLOSE this case and mark any pending motions as moot.

DONE in Chambers, Miami, Florida, October 30, 2008.

Paul C. Huck
United States District Judge

Copy furnished to:
Deborah Ozela Roberts, *pro se*
Magistrate Judge White